UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
:
STRIKE 3 HOLDINGS, LLC, :
: Case No. 1:22-cv-04726-ER
Plaintiff, :
: Judge Ramos
vs. :
:
JOHN DOE subscriber assigned IP address :
65.78.6.210, :
:
Defendant. :
---------------------------------------------------------------X

## ORDER ON MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE

RAMOS, D.J.:

The Court hereby ORDERS that Strike 3 may immediately serve a Rule 45 subpoena on the ISP of John Doe subscriber assigned IP address 65.78.6.210 (hereafter "John Doe" or "Defendant") to obtain information to identify the Defendant, specifically his or her name, current and permanent address. Strike 3 is expressly not permitted to subpoena the ISP for the Defendant's email addresses or telephone numbers.

It is further ORDERED that Strike 3 shall serve a copy of this Opinion and Order as well as the attached "Notice to Defendant" along with any subpoenas to the listed ISP.

It is further ORDERED that the ISP will have 60 days from the date of service of the Rule 45 subpoena upon it to serve John Doe with a copy of the subpoena, a copy of this Order, and a copy of the "Notice to Defendant." The Order should be attached to the "Notice to Defendant" such that the "Notice to Defendant" is the first page of the materials enclosed with the subpoena. The ISP may serve John Doe using any reasonable means, including written

notice sent to his or her last known address, transmitted either by first class mail or via overnight service.

It is further ORDERED that John Doe shall have 60 days from the date of service of the Rule 45 subpoena and this Opinion and Order upon him or her to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously. The ISPs may not turn over the identifying information of John Doe to Strike 3 before the expiration of this 60–day period. Additionally, if a Defendant or ISP files a motion to quash or modify the subpoena, or a request to litigate the subpoena anonymously, the ISP may not turn over any information to Strike 3 until the issues have been addressed and the Court issues an order instructing the ISP to resume turning over the requested discovery.

It is further ORDERED that the subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

It is further ORDERED that an ISP that receives a subpoena pursuant to this Order shall confer with Strike 3 and shall not assess any charge in advance of providing the information requested in the subpoena. An ISP that receives a subpoena and elects to charge for the costs of production shall provide a billing summary and cost report to Strike 3.

It is further ORDERED that any information ultimately disclosed to Strike 3 in response to a Rule 45 subpoena may be used by Strike 3 solely for the purpose of protecting Strike 3's rights as set forth in its complaint.

It is SO ORDERED.

Dated:  June 30, 2022

_____
Hon. Edgardo Ramos, U.S.D.J.

## NOTICE TO DEFENDANT

You are a defendant in Strike 3 Holdings, LLC v. John Doe assigned IP Address 65.78.6.210, No. 1:22-cv-04726-ER, a case now pending before the Honorable Edgardo Ramos, United States District Judge for the Southern District of New York.

Attached is Judge Ramos's Order, which sets forth certain deadlines and procedures related to this case.

You may hire a lawyer to represent you in this case or you may proceed pro se (that is, you may represent yourself without the assistance of a lawyer). If you choose to proceed pro se, all communications with the Court should be through the Pro Se Office of the United States District Court for the Southern District of New York. The Pro Se Office is located in the Hon. Charles L. Brieant Jr. Federal Building and Courthouse, 300 Quarropas Street, White Plains, NY 10601, and may be reached at (212) 805–0175 or (914) 390-4000.

The plaintiff in this case has filed a lawsuit claiming that you have illegally downloaded and/or distributed a movie on your computer.

The plaintiff may not know your actual name or address, but it does know the Internet Protocol address ("IP address") of the computer associated with the alleged downloading and/or distributing.

The plaintiff has filed subpoenas requesting your identity and contact information from your Internet Service Provider ("ISP").

If you do not want your ISP to provide this information to the plaintiff and you believe there is a legal basis for the ISP to withhold the information, you may file a motion to "quash" or "modify" the subpoena. This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case.

If you move to quash the subpoena or otherwise move to prevent your name from being turned over to the plaintiff, you may proceed anonymously at this time. Nevertheless, if you are representing yourself, you will have to complete an information card that you can obtain from the Pro Se Office of the Court. This information is solely for use by the Court and the Court will not provide this information to lawyers for the plaintiff unless and until it determines there is no basis to withhold it. The Court must have this information so that it may communicate with you regarding the case.

Even if you do not file a motion to quash or modify the subpoena, you may still proceed in this case anonymously at this time. This means that the Court and the plaintiff will know your identity and contact information, but your identity will not be made public unless and until the Court determines there is no basis to withhold it.

If you want to proceed anonymously without filing a motion to quash or modify the subpoena, you (or, if represented, your lawyer) should provide a letter stating that you would like

to proceed anonymously in your case. This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case. You should identify yourself in your letter by the case in which you are a defendant and your IP address. If you submit this letter, then your identity and contact information will not be revealed to the public unless and until the Court says otherwise.